**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0686n.06**

**No. 08-5787**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Oct 15, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BARRON WIMBLEY, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON, KETHLEDGE and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Barron Wimbley pleaded guilty to two cocaine-distribution charges and appeals his 262-month sentence. Because the district court properly categorized Wimbley as a career offender and imposed a reasonable sentence, we affirm.

I.

In 2005, Wimbley sold crack cocaine to a government informant twice within one week. ROA 17. A grand jury indicted Wimbley on four counts of distributing at least five grams of cocaine base. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B). He pleaded guilty to two of the counts, and the government dropped the other two.

The presentence report calculated Wimbley's criminal history category (VI) and his offense level (34) based on his status as a career offender, *see* U.S.S.G. § 4B1.1, yielding a guidelines range of 262 to 327 months. Wimbley objected to the report, arguing that the court should use the 2005 guidelines instead of the 2007 guidelines to avoid an *ex post facto* violation. *See* U.S.S.G. § 1B1.11. Under the 2005 guidelines, according to Wimbley, he did not qualify as a career offender because three of his state offenses should be treated as a single offense.

Wimbley renewed this objection at the sentencing hearing. The court denied the objection and sentenced Wimbley as a career offender, imposing a 262-month sentence for each count—to run concurrently with each other and with a state-court sentence Wimbley already was serving. After announcing the sentence, the court asked Wimbley's counsel whether he was "aware of any reason why the sentence should not be imposed as previously read and stated by the Court." Sent. Hr'g Tr. at 16. Wimbley's counsel responded, "No, your Honor." *Id.* at 17.

II.

A.

Sentencing courts normally apply the guidelines in effect at the time of sentencing unless doing so "would violate the *ex post facto* clause," in which case the court "shall use the Guidelines Manual in effect on the date" the defendant committed the offense. U.S.S.G. § 1B1.11 (2007). The district court violated this rule, Wimbley contends, by sentencing him under the 2007 guidelines in effect at the time of sentencing rather than the guidelines in effect when Wimbley committed the

offenses in September and October of 2005. The distinction makes a difference, Wimbley says,

because he would not have qualified for treatment as a career offender under the earlier guidelines.

(Wimbley refers to the earlier guidelines as the "2005" guidelines, but the 2004 guidelines were still

in effect in September and October of 2005.)

It is not clear whether one of the premises of Wimbley's argument is correct, namely that the

court applied the 2007 guidelines, as opposed to the 2004 guidelines, when it rejected his contention

that his three state-court convictions should be counted as one for career offender purposes. But the

point makes no difference in the end. Wimbley is a career offender under the 2004 and 2007

guidelines, making any error in using the 2007 guidelines (if that is what the court did) harmless.

*See* Fed. R. Crim. P. 52(a); *United States v. Charles*, 138 F.3d 257, 268 (6th Cir. 1998).

Under the 2004 guidelines, Wimbley qualifies as a career offender based on three Tennessee

convictions for delivering .5 grams or more of a substance containing cocaine. *See* U.S.S.G.

§ 4B1.1; Tenn. Code Ann. § 39-17-417. The first offense occurred in December 2001, and the

second and third offenses occurred on separate days in June 2002. Wimbley says all three offenses

amount to one because they involved drug sales to the same undercover informant working in the

same undercover operation. The Tennessee authorities charged Wimbley with the first offense in

July 2002, and they charged the second and third offenses, through separate indictments, in March

2003—four months after Wimbley pleaded guilty to the first offense.

In arguing that all three offenses should be treated as one, Wimbley misapprehends the "common scheme or plan" component of the 2004 guidelines. Under the 2004 guidelines, sentencing courts treat "prior sentences imposed" for offenses constituting a "common scheme or plan" "as one sentence for purposes" of the career-offender enhancements. U.S.S.G. § 4A1.2(a)(2) (2004) & cmt. 3. But this aggregation rule does not help Wimbley. To establish "a common scheme or plan," a defendant must show that "his crimes were jointly planned or the commission of one entailed the commission of the other," not that he stumbled into the same government undercover operation (or, as Wimbley puts it, the same government "scheme or plan") on multiple occasions. *United States v. Irons*, 196 F.3d 634, 637 (6th Cir. 1999). Three separate drug sales on three different days do not amount to "a common scheme or plan," even if the State could have charged the offenses together or consolidated them for trial or sentencing. *See United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002).

Wimbley does no better under the 2007 guidelines. The 2007 guidelines do not count multiple offenses as one if they were part of "a common scheme or plan"; multiple offenses count as one only if they were indicted together or sentenced on the same day, neither of which occurred here. U.S.S.G. § 4A1.2(a)(2) (2007). Because the district court properly treated Wimbley as a career offender, whether under the 2004 or 2007 guidelines, no reversible error occurred.

B.

Wimbley separately challenges his within-guidelines sentence as procedurally and substantively unreasonable. He is wrong on both counts.

A district court imposes a procedurally unreasonable sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597 (2007). Because the district court asked for objections from Wimbley after announcing the proposed sentence and Wimbley did not object, we review Wimbley's procedural reasonableness objections—all raised for the first time on appeal—for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

The district court did not violate these requirements, much less do so plainly. In explaining its sentence, the court "considered the nature and circumstances of the offense, the history and characteristics of [Wimbley] and the Advisory Guideline Range, as well as the other factors listed in" 18 U.S.C. § 3553(a). Sent. Hr'g Tr. at 14. The court explained that the sentence rested on Wimbley's status as a career offender and his "extensive criminal history," which continued even after the State gave him "many opportunities" to straighten himself out short of incarceration "through probation in Tennessee's boot camp program." *Id.* at 17. Indeed, the court noted, Wimbley committed these federal drug offenses while on probation for the three prior state drug convictions.

The district court also thought that Wimbley would benefit from the vocational training and substance abuse treatment available in federal prison. The court also addressed, and rejected, Wimbley's only argument at sentencing—that he did not qualify as a career offender—by explaining that Tennessee's decision to charge his three drug offenses separately instead of in a single indictment did not affect Wimbley's career offender status under the guidelines.

Wimbley complains that the district court did not expressly address each of the § 3553(a) factors, did not explain the weight it gave to each factor, improperly used the guidelines range as a starting point and did not address Wimbley's request for a variance. But: district courts need not mechanically discuss every § 3553(a) factor at sentencing and Wimbley gave the court no reason to do more than it did, *see United States v. Williams*, 436 F.3d 706, 708–09 (6th Cir. 2006); Wimbley cites no case, and we are aware of none, for the novel proposition that a district court must pin down how much "weight" it gives to each § 3553(a) factor; the Supreme Court has instructed district courts to use the guidelines as a "starting point," *Gall*, 128 S. Ct. at 596; and Wimbley never asked the district court to vary from the guidelines, except perhaps based on his career-offender arguments and the court adequately explained why that argument was unconvincing. The district court did not plainly err.

Wimbley's substantive challenge to the length of this bottom-of-the-guidelines sentence, while not subject to plain error review, *Vonner*, 516 F.3d at 389, fares no better. As a within-guidelines sentence, it receives a presumption of reasonableness on appeal, *see Gall*, 128 S. Ct. at 597; *Vonner*, 516 F.3d at 389, and Wimbley has not rebutted the presumption. He first points out

that he can obtain the kind of vocational training and substance-abuse treatment the district court recommended in far less than 262 months. True enough, but the district court imposed this sentence not just to provide Wimbley with training and treatment but also to account for his recidivism and "extensive criminal history." The district court did not abuse its discretion in concluding that these other explanations justified a within-guidelines sentence.

Wimbley adds that applying the career-offender enhancement to his guidelines sentence creates an unwarranted—and substantively unreasonable—sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). Wimbley received an enhancement, the argument goes, due to prosecutorial decisions by Tennessee officials, not offense conduct, so similarly situated defendants could receive significantly lower sentences. We disagree. As one of the baselines for reasonableness review and relative uniformity in sentencing, *see United States v. Kirchhof*, 505 F.3d 409, 416 (6th Cir. 2007), the guidelines are designed to avoid unwarranted disparities—which means that whatever else may be wrong with a within-guidelines sentence, it is not likely to be an unwarranted disparity. *Cf. United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008) ("it is pointless for a defendant whose own sentence is within the Guidelines to raise" unwarranted-disparity arguments); *United States v. Vassar*, No. 07-5299, 2009 WL 2959290, *11 (6th Cir. Sept. 16, 2009) (same). Wimbley never explains why this is one of those rarest of circumstances: where the guidelines create not only an unwarranted disparity but one that *requires* the district court to vary downward. *See Kirchhof*, 505 F.3d at 416.

The district court, moreover, gave a reasoned explanation for its conclusion that a sentence at the bottom of the guidelines would be "sufficient, but not greater than necessary" to achieve the purposes underlying § 3553(a)(2). 18 U.S.C. § 3553(a). The district court did so after listening to Wimbley's arguments for leniency, and the district court clearly heard those arguments because it accepted Wimbley's request that his federal sentence run concurrent with his state sentences. Under these circumstances, the district court did not abuse its discretion by declining to impose a sentence below the guidelines range.

III.

For these reasons, we affirm.